UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DANNY LEE BALLARD AND | ) | CASE NO. 07-61486 |
| MARIETTA NAPA BALLARD, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

   Now before the Court is the United States Trustee's (hereafter "UST") oral motion for judgment on the pleadings on its 11 U.S.C. § 707(b)(2) claim, raised at a hearing on May 27, 2008. Debtors objected to the motion by way of a written response filed on June 9, 2008. The UST followed with a written reply on June 10, 2008. Underlying the oral motion is UST's motion to dismiss Debtors' bankruptcy case pursuant to 11 U.S.C. §§ 707(b)(1), (2) and (3), filed on September 24, 2007.

   The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

   This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### BACKGROUND AND ARGUMENTS

   Debtors filed a joint chapter 7 petition on May 22, 2007. On Official Form 22A (Chapter7) (hereafter "B22" or "means test") filed with the petition, Debtors included an expense for a mortgage upon which the mortgagee had obtained a prepetition foreclosure judgment. Following the presentation of arguments on the issue of whether the mortgage payment could be deducted as an expense on the means test, the Court issued an opinion answering the question in the negative. *See* In re Ballard, 2008 WL 783408 (Bankr. N.D. Ohio 2008) (unpublished).

   As a result of the Court's decision, UST contends that the B22 shows sufficient disposable income to render Debtors ineligible for relief under chapter 7 under section 707(b)(2). UST moved for judgment on the pleadings on the section 707(b)(2) claim, citing the impact of the Court's decision on the B22 filed by Debtors. In response, Debtors now seek to amend the B22, using the 2008 forms, which favorably eliminate the disposable income and warrant chapter 7 relief. Debtors contend that since a Chapter 13 plan would start at the present time, use of the current forms is proper. UST argues that the correct standards to apply, in accordance with 11 U.S.C. § 707(b)(2)(A)(ii)(I), are those existing on

the date of the order for relief. Consequently, the UST opposes use of the 2008 forms.

## LAW AND ANALYSIS

First, the Court will comment on the fiction created with Debtors' amended B22. Debtors structure their argument to suggest that the comparison between the original B22 and the amended B22 is an apples to apples comparison but for the changes in the increased amounts allowed under the changed standards. This is not true. If you look closely at the amended B22, the following additional changes are notable:

- Debtors' income increased, but the amounts for taxes and other payroll deductions remained constant (+$124.70)
- Debtors' amended B22 includes a new expense for telecommunication (-$70.00)
- Debtors' amended B22 includes an amount for the chapter 13 (- $42.11) administrative expense
- Debtors have deleted the additional expense for food and clothing that was listed on line 39 in the original B22 (+$33.00)

Consequently, there are several changes which render the comparison to be apples to oranges.[1] The net effect of these other changes is minimal, however, compared to the changes in the national and local standards Debtors seek to employ on the amended B22.

The expense deductions Debtors are permitted to use are set forth at 11 U.S.C. § 707(b)(2)(A)(ii)(I), which provides:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, *as in effect on the date of the order for relief,* for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent.

(emphasis added). Applying the well-settled rules of statutory construction, the Court must first look at the plain meaning of the text of the statute. *See* U.S. v. Thomas, 211 F.3d 316 (6th Cir. 2000).

Here, the statute states that a debtor's permissible monthly expenses include (1) the amounts under the national and local standards, and (2) a debtor's actual expenses for the expenses designated as "Other Necessary Expenses" by the IRS for the debtor's

---

[1] The Court also notes that while Debtors argue that they should be able to use the current expense figures, those for July 2008, they actually use the expense figures in effect between February 1, 2008 and March 16, 2008 on their amended B22 form.

locality. Both of these figures are based on the figures applicable to cases filed at the time of the order for relief, as that phrase modifies both categories of expenses. There is nothing unclear or ambiguous about the statute. When the plain meaning is clear, and no ambiguity arises, the Court's judicial inquiry is over. *See* <u>Bartlik v. U.S. Dep't of Labor</u>, 62 F.3d 163 (6th Cir. 1995) (citing <u>U.S. v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 242 (1989)).

## CONCLUSION

The operative expense deductions for Debtors' B22 are those in effect on the date of the order for relief. In accordance with 11 U.S.C. § 301(b), the date of the order for relief is the date the petition was filed, May 22, 2007. As a result, Debtors have not passed the means test. UST prevails on its motion for judgment on the pleadings and the case shall be dismissed.

An order shall be entered immediately.

/s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Danny Lee Ballard
Marietta Napa Ballard
167 Plymuth Street
Bucyrus, OH 44820

Robert C. Cordrick
117 East Center St
Marion, OH 43302

Amy L. Good
Office of the US Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue East
Suite 441
Cleveland, OH 44114-1240